**No. 24-2719**

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DOCTOR'S BEST, INC.,

*Plaintiff-Appellee,*

v.

NATURE'S WAY PRODUCTS, LLC,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Central District of California
No. 8:23-cv-00766-KK-KES
Hon. Kenly Kiya Kato

## APPELLANT NATURE'S WAY'S BRIEF IN OPPOSITION TO APPELLEE DOCTOR'S BEST, INC.'S MOTION FOR ATTORNEYS' FEES

PETER E. GARRELL
GARRELL COHON KENNEDY LLP
550 South Hope Street, Suite 460
Los Angeles, California 90071
Telephone: (213) 647-0730
Email: pgarrell@gckllp.com

AARON T. OLEJNICZAK
aarono@andruslaw.com
CHRISTOPHER R. LIRO
chris.liro@andruslaw.com
litigation@andruslaw.com
ANDRUS INTELLECTUAL PROPERTY
LAW, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Telephone: (414) 271-7590
*Attorneys for Appellant*

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................1

II. BACKGROUND ....................................................................................3

III. LEGAL STANDARDS ..........................................................................6

    A. Fee Shifting Under the Lanham Act .......................................6

    B. Frivolous Appeals Under Fed. R. App. P. 38.........................8

IV. ARGUMENT.........................................................................................9

    A. This Is Not an Exceptional Case .............................................9

        1. Appellee Failed to Identify Any Frivolous Positions ...............10

        2. Appellant's Legitimate Motivation Is to Police Its Valuable Trademark Rights........................................................................14

        3. Appellant's Claims Are Objectively Reasonable .....................15

        4. There Is No Need to Advance Considerations of Compensation or Deterrence..........................................................................19

    B. Even If This Case Were Somehow Exceptional, the Court Should Not Award Fees.........................................................................20

    C. This Appeal is Not Frivolous ..............................................21

V. CONCLUSION.....................................................................................22

# TABLE OF AUTHORITIES

## Cases

*Abitron Austria GmbH v. Hetronic International, Inc.*,
  600 U.S. 412, 143 S. Ct. 2522 (2023) ... 2, 5, 6, 11, 12, 13, 14, 15, 16, 17, 20, 21

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) ....................................................... 16, 17, 19

*Bayview Loan Servicing, LLC v. 6364 Glenolden St. Tr.*,
  No. 19-17544, 2021 WL 4938115 ...................................................................9

*BillFloat Inc. v. Collins Cash Inc.*,
  105 F. 4th 1269 (9th Cir. 2024) ...................................................................7

*Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*,
  174 F.3d 1036 (9th Cir. 1999) ...................................................................18

*Brown v. Elec. Arts, Inc.*,
  722 F. Supp. 2d 1148 (C.D. Cal. 2010)...................................................7, 10

*Cambrian Sci. Corp. v. Cox Commc'n, Inc.*,
  79 F. Supp. 3d 1111 (C.D. Cal. 2015)....................................................7, 10

*Debeikes v. Hawaiian Airlines, Inc.*,
  725 Fed. App'x 499 (9th Cir. 2018) .................................................................9

*Fifty–Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
  915 F. Supp. 2d 1179 (D. Nev. 2013) ......................................................8, 20

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) ...........................10

*Glanzman v. Uniroyal, Inc.*,
  892 F.2d 58 (9th Cir. 1989) ...........................................................................9

*Globefill Inc. v. Elements Spirits, Inc.*,
  640 Fed. Appx. 682 (9th Cir. 2016) ............................................................17

*Icon Health & Fitness, Inc. v. Octane Fitness, LLC*,
  576 Fed. Appx. 1002 (Fed. Cir. 2014) ...........................................................8

*In re Becraft*,
  885 F.2d 547 (9th Cir. 1989) ......................................................................8, 9

*Kinsley Tech. Co. v. Ya Ya Creations, Inc.*,
  No. 2:20-CV-04310 ODW (KSx), 2022 WL 16716214, at *3 (C.D. Cal.
  Nov. 4, 2022) ................................................................8, 20

*La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*,
  762 F.3d 867 (9th Cir. 2014) ...................................................16

*Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*,
  No. 14-CV-3419 (JMF), 2018 WL 317850, at *3 (S.D.N.Y. Jan. 8, 2018)..15

*Mattel, Inc. v. Walking Mt. Prods.*,
  353 F.3d 792 (9th Cir. 2003) ...................................................16

*Medici Classics Prods., LLC v. Medici Group, LLC*,
  683 F. Supp. 2d 304 (S.D.N.Y. 2010) ...........................................7

*Monster Cable Prods., Inc. v. Euroflex S.R.L.*,
  642 F. Supp. 2d 1001 (N.D. Cal. 2009)..........................................4

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
  638 F.3d 1137 (9th Cir.2011) ..................................................18

*Nutrition Distrib. LLC v. PEP Research, LLC*,
  804 Fed. Appx. 759 (9th Cir. 2020) ............................................7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014) ........... 2, 6, 7, 9, 10

*Park'n Fly, Inc. v. Dollar Park and Fly, Inc.*,
  782 F.2d 1508 (9th Cir. 1986) .................................................16

*Pom Wonderful LLC v. Hubbard*,
  775 F.3d 1118 (9th Cir. 2014) .................................................18

*Pretty Star Store, LLC v. Yuanmin Chen*,
  No. LA CV18-05187 JAK(AGRx), 2019 WL 13039949 (C.D. Cal. Apr. 10,
  2019) ........................................................................7

*Rhoades v. Avon Prods. Inc.*,
  504 F.3d 1151 (9th Cir. 2007) .................................................3

*Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*,
  Case No. C-08-5016 SBA, 2010 WL 8500520 (N.D. Cal. Sept. 20, 2010)..14

*SFA Sys., LLC v. Newegg Inc.*,
  793 F.3d 1344 (Fed. Cir. 2015) ...............................................10

*Stephen W. Boney, Inc. v. Boney Services, Inc.*,
    127 F.3d 821 (9th Cir. 1997) ............................................................14

*SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*,
    839 F.3d 1179 (9th Cir. 2016) ..................................................3, 9

*U.S. v. Washington*,
    235 F. 3d 438, 441 (9th Cir. 2000) ..................................................2

*WesternGeco LLC v. ION Geophysical Corp.*,
    585 U. S. ——, ——, 138 S.Ct. 2129, 2136 (2018) ....................................13

**Statutes**

28 U.S.C. § 1912 .................................................................. 3, 8, 21, 22

**Rules**

Fed. R. App. P. 38 .................................................................. 3, 21, 22

**Treatises**

2 McCarthy on Trademarks and Unfair Competition § 17:8 (5th ed.) ....................15

## I.    INTRODUCTION

In April 2024, Plaintiff-Appellee Doctor's Best Inc. ("Appellee") moved the district court to award attorneys' fees up to and including the summary judgment ruling presented in this appeal. *Doctor's Best Inc. v. Nature's Way Products, LLC*, Case No. 8:23-cv-00766 at Dkt. 70 (C.D. Cal. Apr. 12, 2024)[1]. As in its present motion to **this** Court, Appellee alleged to the district court that this was an "exceptional case" under the Lanham Act. (Dist. Ct. Dkt. 70-2 at 5), argued that the positions of Defendant-Appellant Nature's Way Products, LLC ("Appellant") were "untenable", and that Appellant failed to adduce evidence. (*Id*. at 7-9.)

The district court flatly rejected Appellee's arguments. (Dist. Ct. Dkt. 78.) The district court ruled that the case was not exceptional, and that there was "no evidence of frivolousness, bad faith, or other malicious conduct" by Nature's Way." (*Id*. at 5.) The district court further ruled that Appellant's positions were neither groundless nor unreasonable, pointing both to Appellee's lack of clarity on its position and intentions, and that discovery had not yet closed. (*Id*. at 6-7.)

---

[1]    Citations to documents on the district court docket that were previously presented to this Court in the parties' appendices will be referenced herein using the appendix page number (*e.g.*, "3-ER-355"). Citations to documents on the district court docket that were not previously presented to this Court will be referenced herein using the district court docket number (*e.g.*, "Dist. Ct. Dkt. [no.]") and are submitted herewith in the Declaration of Aaron T. Olejniczak.

The district court also referenced Appellant's "alternative interpretation of the Supreme Court's recent decision in *Abitron Austria GmbH v. Hetronic International, Inc*. 600 U.S. 412 (2023)," and favorably commented that Appellant was pursuing an appeal based on such interpretation. (*Id*. at 6 n.2.) While the district court did not agree with Appellant's interpretation, it did not at all suggest that the position was untenable, frivolous, or advanced in bad faith, or that Appellant's appeal was anything other than a good faith effort to present an uncertain legal question on appeal.

Appellee now advances essentially the same arguments to this Court that the district court rejected. Yet, Appellee makes no mention of its prior motion or the district court's order rejecting the same arguments. Appellee did not appeal the order, and the district court's rulings that Appellant's legal and factual positions did not support an exceptional case finding may be considered the law of the case, largely resolving the present motion. *U.S. v. Washington*, 235 F. 3d 438, 441 (9th Cir. 2000) ("Because this order was not appealed, it remains the law of the case.").

But even if this Court considers the questions anew, focusing exclusively on the proceedings on appeal, this Court should deny Appellee's motion in its entirety. This is not an exceptional case under the Lanham Act warranting any award of attorneys' fees. *Octane Fitness, LLC v. ICON Health & Fitness, Inc*., 572 U.S. 545, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014); *SunEarth, Inc. v. Sun Earth*

2

*Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016). Appellant's claims were objectively reasonable and non-frivolous, and Appellee does not and cannot claim that Appellant had any improper motivation. Appellant has a duty and obligation to police its trademarks rights, particularly its house brand NATURE'S WAY® that has been in use since 1969.

For the same reasons, this is not a frivolous case under Fed. R. App. P. 38 and 28 U.S.C. § 1912, and this Court also should not award relief under those provisions.

## II.   BACKGROUND

It was Appellee that first brought this litigation—disingenuously alleging that it was entitled to a Declaratory Judgment that its ***trademark application*** does not infringe Appellant's rights in response to a April 20, 2023 demand letter and before Appellee's trademark application published for opposition. (3-ER-561 at ¶ 25; Dist Ct. Dkt. 21-1, Ex. A.) Because Appellant did not contend, and never did contend, that merely filing an application to register a trademark supports an infringement claim, Appellee subsequently filed its First Amended Complaint on July 14, 2023 to keep its case in court.[2] The First Amended Complaint, however,

---

[2]   It is well-settled that a potential dispute over registerability does not create an actual dispute that is justiciable in federal court. *Rhoades v. Avon Prods. Inc.*, 504 F.3d 1151, 1157-59 (9th Cir. 2007); *Monster Cable Prods., Inc. v. Euroflex*

failed to provide any additional detail on allegations of potential domestic manufacturing, and maintained that Appellee trademark application provided a basis for a declaratory judgment of non-infringement. (3-ER-355 at ¶ 5.)

Appellant moved to dismiss the First Amended Complaint (3-ER-519-538), and on August 7, 2023, in its Opposition to Defendant's Motion to Dismiss (3-ER-490-518), Appellee first disclosed that it is manufacturing in the United States, and preparing to sell within the next few months, dietary and nutritional supplements using the name NATURE'S DAY adjacent to a leaf design, mimicking Appellant's established rights, as shown below.



Importantly, at this time, Appellee ***made no representations whatsoever*** that that it had plans to only distribute its NATURE'S DAY product in Asia, and

---

*S.R.L.*, 642 F. Supp. 2d 1001, 1011 (N.D. Cal. 2009). Nature's Way is currently opposing Doctor's Best's applications in the U.S. and EU. (2-ER-52-236.)

4

further refused to withdraw its pending applications to register the NATURE'S DAY trademark in the U.S. and Europe.

Appellant did what any reasonable trademark owner would do when faced with this admitted conduct—it moved for a preliminary injunction on August 29, 2023 (3-ER-402-432.) Only then, in its September 11, 2023 opposition (3-ER-321-334), did Appellee change its position to finally reveal that it allegedly has no intention of selling NATURE'S DAY in the U.S. (3-ER-326 at ¶ 19.)

Meanwhile, the Supreme Court issued its decision in *Abitron Austria GmbH v. Hetronic International, Inc*., 600 U.S. 412, 143 S. Ct. 2522, 2531-32 (2023), on June 29, 2023.[3] Appellee first raised this issue in September 2023 in opposition to Appellant's preliminary injunction motion, and Judge Carney ordered additional briefing on the exterritoriality issue (Dist. Ct. Dkt. 38), which the parties submitted on October 2023 (3-ER-303-314, Dist. Ct. Dkt. 43).

*Abitron* did not present, nor settle, the issue of liability for manufacturing in the U.S. but focused on manufacturing and sales made outside of the U.S. *Abitron* did, however, expressly reject Appellee's contention that the location of confusion

---

[3] The question presented in *Abitron* was "[w]hether the court of appeals erred in applying the Lanham Act extraterritorially to petitioners' foreign sales, including purely foreign sales that never reached the United States **or confused U.S. consumers**." ('*Abitron Austria Gmbh V. Hetronic International, Inc*. Question Presented', www.supremecourt.gov/qp/21-01043qp.pdf) (emphasis added.)

is determinative, and that actual domestic confusion is required. *Abitron*, 600 U.S. at 423, 143 S. Ct. at 2531 ("In sum, as this case comes to us, 'use in commerce' is the conduct relevant to any potential focus of § 1114(1)(a) and § 1125(a)(1) because Congress deemed a violation of either provision to occur each time a mark is used in commerce in the way Congress described, with no need for any actual confusion.").

The district court, however, granted Appellee's early summary judgment motion, holding that Appellee's extensive U.S. operations and use in commerce should be ignored as a matter of law because these admitted uses would not create domestic confusion. This ruling was made despite *Abitron* expressly rejecting *confusion* as the necessary point of domestic contact to protect against extraterritorial application of the Lanham Act.

This Court then heard the appeal, denying Appellant's request to reverse summary judgment, while recognizing that "NWP's misreading of *Abitron* stems from the debate between the majority and concurring viewpoints." (Slip op. at 12.)

## III. LEGAL STANDARDS

### A. Fee Shifting Under the Lanham Act

The Lanham Act permits fee shifting only in exceptional cases. *See Octane Fitness*, 134 S. Ct. at 1756*; Sunearth*, 839 F.3d at 1180*.* An exceptional case must stand out from others with respect to 1) "the substantive strength of a party's

6

litigating position (considering both the governing law and the facts of the case)" or 2) "the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. Whether a case is exceptional is determined on a case-by-case basis considering the totality of the circumstances. *Id.*

"[A] positive result does not transform a trademark claim into an 'exceptional case.'" *BillFloat Inc. v. Collins Cash Inc.*, 105 F. 4th 1269, 1278 (9th Cir. 2024). A case is not exceptional merely because one party prevails, including at summary judgment. *See Cambrian Sci. Corp. v. Cox Commc'n., Inc.*, 79 F. Supp. 3d 1111, 1114 (C.D. Cal. 2015); *Nutrition Distrib. LLC v. PEP Research, LLC*, 804 Fed. Appx. 759 (9th Cir. 2020)(unpublished); *see also Brown v. Elec. Arts, Inc.,* 722 F. Supp. 2d 1148, 1152 (C.D. Cal. 2010). Further, a case is not exceptional merely because a party opposes a motion for summary judgment after a failed motion for a preliminary injunction. *See Medici Classics Prods., LLC v. Medici Group, LLC,* 683 F. Supp. 2d 304, 315 (S.D.N.Y. 2010).

Rather, an exceptional a case must involve an equitable consideration such as unfairness, bad faith, or another consideration of equal force that makes it grossly unjust that the prevailing party be left to bear the burden of its counsel's fees. *Pretty Star Store, LLC v. Yuanmin Chen*, No. LA CV18-05187 JAK(AGRx), 2019 WL 13039949 at *6 (C.D. Cal. Apr. 10, 2019); *accord Kinsley Tech. Co. v.*

7

*Ya Ya Creations, Inc.*, No. 2:20-CV-04310 ODW (KSx), 2022 WL 16716214, at *3 (C.D. Cal. Nov. 4, 2022).

Even an exceptional case finding does not automatically award fees against the losing party. The court still exercises discretion to determine whether a fee award is equitable. *See Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 Fed. Appx. 1002, 1005 (Fed. Cir. 2014)(unpublished); *Fifty–Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 915 F. Supp. 2d 1179, 1186 (D. Nev. 2013), *aff'd*, 778 F.3d 1059 (9th Cir. 2015).

### B. Frivolous Appeals Under Fed. R. App. P. 38

Federal Rule of Appellate Procedure 38 provides, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." *See also* 28 U.S.C. § 1912. The rule provides this Court "with the authority to impose sanctions to deter frivolous appeals and to conserve limited judicial resources." *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989).

As a general matter, and as Appellee observes, "[f]rivolous appeals are contrary to specific and unambiguous statutory provisions and to clearly established principles of law, in direct conflict with firmly established rules of law for which there is no arguably reasonable expectation of reversal or favorable

modification, or such that the results are obvious, or the arguments of error are wholly without merit." *Bayview Loan Servicing, LLC v. 6364 Glenolden St. Tr.*, No. 19-17544, 2021 WL 4938115, at *2.[4]

Often, the issue of a frivolous appeal is raised by the Court *sua sponte*, and/or raised and addressed together with the merits opinion. *See Becraft*, 885 F.2d at 547; *Bayview*, 2021 WL 4938115 at *1; *Debeikes*, 725 Fed. App'x at 503; *Glanzman*, 892 F.2d at 61. **_Neither happened here_**.

## IV.    ARGUMENT

### A.    This Is Not an Exceptional Case

As referenced and adopted by this Court in *Sunearth*, 839 F.3d at 1179, the Supreme Court in *Octane Fitness* listed four nonexclusive factors to evaluate whether a case is exceptional: frivolousness, motivation, objective unreasonableness in both the factual and legal components of the case, and the need in particular circumstances to advance considerations of compensation and deterrence. *Octane Fitness*, 572 U.S. at 554 n.6, 134 S. Ct. at 1756 n.6 (citing

---

[4] These circumstances may include, for example, re-asserting in a petition for rehearing that federal tax laws did not apply to resident United States citizens, *Becraft*, 885F.2d at 548, advancing positions that were foreclosed by multiple binding precedents of both state and federal court, *Bayview*, 2021 WL 4938115 at *3 advancing positions rejected by multiple decisions including a Rule 11 sanctions decision, *Debeikes v. Hawaiian Airlines, Inc.*, 725 Fed. App'x 499, 504 (9th Cir. 2018), or otherwise asserting claims with no foundation in law of fact, *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989).

*Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). ***None of these factors is present here***.

### 1. Appellee Failed to Identify Any Frivolous Positions

Appellee was required to show that this case was exceptional by a preponderance of the evidence. *Octane Fitness* at 557. Despite bearing this burden, Appellee failed to identify any purportedly frivolous positions taken by Appellant.

Appellee labeled Appellant's claims as "untenable," just as it did seeking an exceptional case ruling from the district court. However, the ultimate success or failure of a claim does not determine whether the claim was frivolous. "[T]he sheer fact that a motion to dismiss is granted does not suffice to show that the claim was groundless or was not a colorable claim." *Brown*, 722 F. Supp. 2d at 1152. A case is not exceptional merely because one party succeeds at summary judgment, or has that ruling affirmed on appeal. *See Cambrian,* 79 F. Supp. 3d at 1114. It is the substantive strength of a party's litigating position which is relevant to an exceptional case determination, not the eventual success or failure of that position. *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015).

Appellee failed to establish that any claims were frivolous and only pointed out that the positions were eventually rejected before this Court. Appellee asserted that the "claims and positions on appeal are untenable and directly foreclosed by precedent" (Appelle Mot. at 8), but identified no such precedent. Instead, Appellee

10

repeatedly cited to and quoted this Court's opinion in this case, asserting, for example, that this Court's characterization of Appellant's "misreading of *Abitron*" somehow constitutes a finding by this Court that "Nature's Way presented legally baseless and frivolous arguments." (Appellee Mot at 1.)

Nothing in this Court's opinion, however, suggests that Appellant's positions were legally baseless of frivolous. This Court recognized that *Abitron* issued in the middle of the district court proceedings (slip op. at 6), and that "[u]nique questions arise . . . where some or all of the allegedly infringing use occurred outside U.S. territory, because the trademark infringement provisions of the Lanham Act are not extraterritorial" (slip op. at 9). This Court concluded that "NWP is correct that *Abitron* did not tether the extraterritoriality analysis to the likelihood of confusion element of a trademark infringement claim, and held instead that a permissible, non-extraterritorial application hinges on the location of the 'use in commerce" (slip op. at 11), and both the district court and this Court agreed that domestic "use in commerce" by Appellee was present here.

Rather than conclude that Appellant's "misreading" was frivolous or baseless, this Court recognized that "NWP's misreading of *Abitron* stems from the debate between the majority and concurring viewpoints." (Slip op. at 12.) The panel decision presented its analysis of likelihood of confusion, which primarily focused on the non-overlapping marketing channels of Appellant and Appellee.

11

(Slip. Op. at 16-17.) And Judge Ikuta provided a special concurrence, with a slightly different analysis and assessment of application of *Abitron* and the necessary likelihood of confusion. (Slip Op. at 22-24.)

This court recognized that "unique questions" arise when some or all allegedly infringement use occurs outside the U.S. (Slip Op. at 9.) And "in the ordinary case, the likelihood of confusion will necessarily be domestic in nature, because the confusion must be created by a stateside use in commerce." (Slip Op. at 13.) Relying on the Supreme Court majority's rejection of Justice Sotomayor's concurrence asserting that likelihood of domestic confusion was determinative in *Abitron*, 600 U.S. at 423-24, Appellant advanced an interpretation of *Abitron* that the requirement that "confusion . . . is simply a necessary characteristic of an offending use," 600 U.S. at 422-23, did not necessarily require such confusion be domestic. (Nature's Way App. Br. at 14-17.) While Appellee asserts that Appellant's "legal arguments were not supported, in any way, by the legal authority Nature's Way relied upon" (Doctor's Best Mot. at 5), Appellant's arguments were rooted directly in the text of *Abitron*.

Appellee also incorrectly—and nonsensically—asserts that "Nature's Way failed to address Abitron's requisite second step, which is designed 'to apply the presumption against extraterritoriality to claims that involve both domestic and

12

foreign activity, separating that activity that matters from the activity that does not.'" (Appellee Mot. at 10, quoting *Abitron*, 600 U.S. at 419.)

Contrary to Appellee's confusing argument, the "first step" and "second step" relate the framework for the Supreme Court's own analysis, ***not*** to a showing required by a trademark holder such as Appellant. *Abitron*, 600 U.S. at 417-18. *Abitron*'s "first step" relates to the Supreme Court's determination as to whether Congress has affirmatively and unmistakably instructed that the provision at issue should apply to foreign conduct. *Id*. And the "second step" requires the Supreme Court's identification of the statute's focus to ask "whether the ***conduct relevant to that focus*** occurred in United States territory." *Abitron*, 600 U.S. at 418 (quoting *WesternGeco LLC v. ION Geophysical Corp.*, 585 U. S. ——, ——, 138 S.Ct. 2129, 2136 (2018)).

It was the Supreme Court's application of this "second step" that lead to its holding that the "focus" of the statute and the relevant domestic conduct was not "confusion" but "use in commerce" as defined by the Lanham Act. *Abitron*, 600 U.S. at 423 ("Under step two of our extraterritoriality standard, then, 'use in commerce' provides the dividing line between foreign and domestic applications of these Lanham Act provisions."). Appellant's primary argument was based on the Supreme Court's application of the "second step" and the resulting holding. Setting aside that the two-step framework relates to the Court's own analysis,

13

Appellee's argument that Appellant "failed to address" this step or "[f]ailed to separate domestic and foreign conduct" is incoherent and plainly does not support the argument that this "doomed Nature's Way's appeal" and rendered it "frivolous." (Appellee Mot. at 10.)

Further, Appellant pursued the appeal with the knowledge that the district court in this case expressly ruled that Appellant's positions were not frivolous, that the case was not exceptional, and recognized that Appellant was properly raising its arguments on appeal. (Dist. Ct. Dkt. 78 at 6 n.2.)

While this Court ultimately did not agree with Appellant's interpretation of *Abitron*, the particular "unique question" of this case was not one that was previously addressed or settled by *Abitron* or this Court, and Appellant's position was not frivolous or legally baseless.

### 2. Appellant's Legitimate Motivation Is to Police Its Valuable Trademark Rights

Appellee made no allegation that Appellant's claims were brought with an improper motive and cannot make such a claim. Protecting trademark rights is a proper motive to bring claims. *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, Case No. C-08-5016 SBA, 2010 WL 8500520 (N.D. Cal. Sept. 20, 2010); *Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821 (9th Cir. 1997). In fact, trademark law *requires* trademark owners to actively police use of their marks or risk loss of the mark through abandonment. *See* 2 McCarthy on Trademarks and

Unfair Competition § 17:8 (5th ed.). Courts should proceed cautiously before imposing fees on a trademark owner lest the owner be forced to choose between defending their marks and risking punitive attorneys' fee awards or turning a blind eye to infringement and risking loss of rights. *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, No. 14-CV-3419 (JMF), 2018 WL 317850, at *3 (S.D.N.Y. Jan. 8, 2018), *aff'd*, 764 Fed. Appx. 39 (2d Cir. 2019) (unpublished). This is especially true here, where Appellee is the plaintiff that filed the case in the first place. And again, the district court recognized this when it denied Appellee's motion for fees. (Dist. Ct. Dkt. 78 at 5.)

### 3. Appellant's Claims Are Objectively Reasonable

Appellant's appeal was objectively reasonable because the law does not require a showing of actual confusion, this Court agreed with Appellant that Appellee was using the mark in commerce in the United States, and Appellant's interpretation of *Abitron*—that domestic confusion is not required for a finding of trademark liability, is reasonable, as discussed above.

Trademark law does not require a showing of actual confusion to conclude there is likelihood of confusion. "Because of the difficulty in garnering such evidence, the failure to prove instances of actual confusion is not dispositive." *Sleekcraft*, 599 F.2d at 353, abrogated by *Mattel*, 353 F.3d 792 . "[D]ifficulties in gathering evidence of actual confusion make its absence generally unnoteworthy."

15

*La Quinta Worldwide*, 762 F.3d at 876 (internal citation omitted). Thus, Appellant inability to introduce evidence of actual confusion is not unusual and falls well short of the required standard for an exceptional case. [5]

Appellee took this one step further and asserted that, under Appellant's interpretation, Appellant was required to but failed to submit "evidence of foreign confusion." (Appellee Mot. at 12.) But Appellee admitted to its non-domestic sales, and that in combination with Appellant's significant evidence addressing other *Sleekcraft* factors, met any evidentiary obligations. Indeed, the district court expressly rejected Appellee's arguments that the alleged failure to adduce evidence supported a fee award. (Dist. Ct. Dkt. 78 at 6.)

Further, the Court agreed with Appellant that Appellee's use of the NATURE'S DAY mark in manufacturing and transporting products was domestic use actionable under the Lanham Act pursuant to *Abitron*. (21-ER-10.) It is more than reasonable for a trademark owner to bring suit to enjoin a competitor from

---

[5] "Because of the difficulty in garnering such evidence, the failure to prove instances of actual confusion is not dispositive." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353 (9th Cir. 1979), abrogated by *Mattel, Inc. v. Walking Mt. Prods.*, 353 F.3d 792 (9th Cir. 2003). "Though the trial court found no evidence of actual confusion, this is merely one factor to be considered in deciding whether there is a likelihood of confusion, and it is not determinative." *Park 'n Fly, Inc. v. Dollar Park and Fly, Inc.*, 782 F.2d 1508, 1509 (9th Cir. 1986). "[D]ifficulties in gathering evidence of actual confusion make its absence generally unnoteworthy." *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 876 (9th Cir. 2014) (internal citation omitted).

16

domestically using a confusingly similar mark, particularly when the mark at issue is the owner's house mark that has been in use for over **fifty years**.

Additionally, Appellant's interpretation of the *Abitron* case was reasonable. Whether foreign sales that involve domestic use can be the basis for liability under the Lanham Act has been a largely unsettled question. The Supreme Court expressly stated, "[i]n sum, as this case comes to us, 'use in commerce' is the conduct relevant to any potential focus of § 1114(1)(a) and § 1125(a)(1) because Congress deemed a violation of either provision to occur each time a mark is used in commerce in the way Congress described, *with no need for any actual confusion*." *Abitron*, 600 U.S. at 423, 143 S. Ct. at 2531. (Emphasis added.) While this Court ultimately concluded that Appellee's "use in commerce" in the United States could not, as a matter law, support the necessary showing of likelihood of confusion, the Court's disagreement does not make Appellant's interpretation of *Abitron* unreasonable or advanced for an improper purpose.

Finally, the undisputed fact that some *Sleekcraft* factors weigh in favor of Appellant cuts against a finding that the case is exceptional within the meaning of the Lanham act. *Globefill Inc. v. Elements Spirits, Inc.*, 640 Fed. Appx. 682 (9th Cir. 2016) (unpublished). Here, Appellee does not dispute that the parties' goods are identical. Appellant uses its NATURE'S WAY name and brand on all its nutritional and dietary supplements; likewise, Appellee does not dispute that it uses

17

the "NATURE'S DAY" name and leaf design on nutritional and dietary supplements, demonstrating that the two parties' uses are on identical goods.

Also, the NATURE'S DAY mark only differs from the NATURE'S WAY mark by one letter, and still rhymes. "The similarity of the mark will always be an important factor." *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999). Identity is not required. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1127-28 (9th Cir. 2014). Both marks use the same dominant word "NATURE'S" and both marks have a second word ending in "-AY" to create the dominant commercial impression. And "DAY" rhymes with "WAY" creating a highly similar sound between the marks. The NATURE'S WAY® trademarks and the "NATURE'S DAY" name are similar in connotation because they both describe the word "NATURE'S" possession of either a "day" or a "way." Because of the high similarity in sight, sound and connotation, the name "NATURE'S DAY" creates a confusingly similar commercial impression to the NATURE'S WAY® trademarks.

Appellant's marks are also conceptually strong and have been in use for over fifty years. (Dkt. 58 at 20-21.) Commercial strength "is based on actual marketplace recognition." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1149 (9th Cir. 2011). Advertising expenditures that increase marketplace recognition offer evidence of commercial strength. *Id*. Appellant

18

submitted evidence that it spent hundreds of millions of dollars advertising and promoting its NATURE'S WAY® brand to establish brand awareness and create goodwill in the NATURE'S WAY® trademarks, including spending tens of millions in advertising and promoting its NATURE'S WAY® brands each year between 2017 and the present. (3-ER-337-338 at ¶¶ 8, 11.) And with its new deceptive packaging, consumers will be confused into believing that Nature's Way is affiliated with, or otherwise approves of new NATURE'S DAY lower-priced products. (Dkt. 58 at p. 25.)

Thus, many *Sleekcraft* factors weigh or arguably weigh in favor of Appellant, demonstrating this is not an exceptional case.

### 4. There Is No Need to Advance Considerations of Compensation or Deterrence

Appellee initiated this litigation in response to a notification letter relating to Appellee's application to register the NATURE'S DAY trademark in the U.S. Therefore, no goal of compensation or deterrence is achieved by imposing fees in this case. Indeed, Appellant only filed counterclaims in response to Appellee's consistently shifting posture in this case, and pursued this appeal so that the disputed legal question presented on summary judgment could be resolved. Appellee fails to advance considerations of compensation or deterrence in its Motion for Attorneys' Fees. As the burden of persuasion is on Appellee, this factor weighs in favor of Appellant.

### B. Even If This Case Were Somehow Exceptional, the Court Should Not Award Fees

Even if this Court finds this case to be exceptional, fees should not be awarded. The awarding of fees is an equitable remedy which should only be awarded when an equitable consideration is present that makes it grossly unjust that the prevailing party be left to bear the burden of its counsel's fees. *Kinsley Tech.*, 2022 WL 16716214, at *3.

"Among the non-exclusive factors the Court may consider in determining whether to award fees are: the nature and extent of the relief obtained, the unlawfulness of each defendant's conduct, whether the relevant area of law is unclear, whether infringement or willfulness was a close question, whether each defendant intended to deceive or confuse the public, and whether the plaintiff suffered actual damage." *Fifty-Six Hope Rd.*, 915 F. Supp. 2d at 1186.

Here, Appellee has obtained the relief they eventually sought. Pursuant to the summary judgment decision and this Court's affirmance, Appellee may use the NATURE'S DAY brand only in Asian markets. Further, the area of relevant law is in flux and unclear, as demonstrated by the Supreme Court taking up a case on a question very close to that at issue in this case in 2023 in *Abitron*. Additionally, Appellant has engaged in no unlawful conduct. Finally, Appellee suffered no actual damage as a result of Appellant's actions. Therefore, the Court should deny an award of fees even if it finds the case exceptional.

20

## C.    This Appeal is Not Frivolous

For similar reasons, this appeal was not frivolous under Fed. R. App. P. 38 or 28 U.S.C. § 1912.

As discussed above, Appellant's arguments were based on an interpretation of the Supreme Court's very recent decision in *Abitron,* related to the unusual scenario presented here where an accused infringer was engaged in "use in commerce" of the accused mark within the United States, but such use was limited to manufacture and transportation, and apparently not consumer facing. While Appellee implies that simply losing an unresolved legal question somehow renders an appeal frivolous, that plainly is not the law. What is presented here is a conventional appeal of an uncertain issue, and not a scenario involved in Appellee's cited cases where Appellant advanced positions facially invalid or else contrary to long-established and repeated opinions of this Court and other courts.

Indeed, Appellee did not raise this issue until after it prevailed on appeal. Nothing in this Court's opinion suggests that Appellant's position was frivolous— rather, the panel opinion and concurrence recognize the lack of clarity in *Abitron*, in particular related to the treatment of the concurrence by the Supreme Court majority.

21

Finally, as noted, the district court in this case expressly ruled that Appellant's positions were not frivolous, and recognized that Appellant was properly raising its arguments on appeal. (Dist. Ct. Dkt. 78 at 6 n.2.)

Accordingly, it was not at all frivolous for Appellant to raise or advance this appeal and its arguments on appeal, and no cost doubling or fee award is proper under Fed. R. App. P. 38 and/or 28 U.S.C. § 1912.

## V.    CONCLUSION

For all of these reasons set forth above, this Court should deny Appellee's Application for Attorney Fees application and Motion for Attorney Fees in their entirety.

Date:  August 22, 2025                 AARON T. OLEJNICZAK

                                       s/Aaron T. Olejniczak
                                       ANDRUS INTELLECTUAL PROPERTY LAW,
                                       LLP

                                       Attorneys for Appellant Nature's Way
                                       Products, LLC

22

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Certificate of Compliance

9th Cir. Case Number 24-2719

I am the attorney.

This brief contains 4,988 words, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 27-1 and 32-3.

Signature *s/Aaron T. Olejniczak*_____ Date August 22, 2025_____

1